Lin v. Holder

BIA
A076 093 809

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of May, two thousand fourteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        REENA RAGGI,
>        SUSAN L. CARNEY,
>              *Circuit Judges.*

_____

MEI QIN LIN,
>        *Petitioner,*

v.                                           13-393
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONERS:        Lee Ratner, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Carl McIntyre, Assistant Director; Jeffrey J. Bernstein, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Qin Lin, a native and citizen of the People's Republic of China, seeks review of the January 14, 2013, order of the BIA denying her motion to reopen. *In re Mei Qin Lin*, No. A076 093 809 (B.I.A. Jan. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Lin's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's 2010 motion–her third such motion–was untimely, as her final administrative order was issued in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances

2

arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

In this case, the BIA correctly found that Lin's newly commenced practice of Falun Gong constituted a changed personal circumstance, not changed conditions arising in China.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (concluding that "circumstances entirely of [one's] own making after being ordered to leave the United States" are not grounds for untimely reopening).

Furthermore, Lin failed to provide evidence of conditions for members of Falun Gong in 2002, such that the agency could determine whether there had been a worsening of conditions that would warrant reopening.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed

3

at the time of the merits hearing below."). The 2007 China Profile in the record states that conditions for members of Falun Gong vary by region, but Lin did not submit evidence of how participants in her native Fujian Province are treated. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 163-65 (2d Cir. 2008) (upholding BIA's analysis that where enforcement of a policy varies by region, it is the applicant's burden to show a well-founded fear of persecution in his locality in China).

The village committee letter was reasonably discounted, as the agency noted that the letter had no specific author, did not cite to a legal provision or section that could be verified, and there was no indication that the Village Committee had the authorization to issue such a letter. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to an applicant's evidence in immigration proceedings "lie[s] largely within the discretion" of the agency (internal quotation marks omitted)).

Moreover, Lin did not demonstrate she was exempt from the time and number limitations due to ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 171

4

(2d Cir. 2006) (noting that ineffective assistance of counsel may excuse untimely filing); *Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007) (stating the requirements for demonstrating ineffective assistance of counsel).  Thus, the BIA did not abuse its discretion in concluding that Lin's motion to reopen was untimely.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5